IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SHAKEENA KING, and KYWANNA KING :
:
Plaintiffs, :
:
v. : Civil Action No. 3:16cv725
:
EXPERIAN INFORMATION SOLUTIONS, INC. :
:
Serve: David N. Anthony, Registered Agent :
      1001 Haxall Point :
      Richmond, VA 23219 :
:
Defendant :

[FILED AUG 31 2016, CLERK, U.S. DISTRICT COURT, RICHMOND, VA]

## COMPLAINT

COMES NOW the Plaintiffs, SHAKEENA AND KYWANNA KING, ("Plaintiffs"), by counsel, and for their Complaint against the Defendant, they allege as follows:

### PRELIMINARY STATEMENT

1. This is an action for statutory, actual, and punitive damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1681, *et seq.* (the Fair Credit Reporting Act or "FCRA").

2. Experian, one of the "Big 3" consumer reporting agencies, has a long history of consumer complaints and lawsuits alleging (and establishing) that it unreasonably mixed the credit files and information of one consumer with the credit reports of another consumer.

3. In this case, representative of numerous others, Experian combined or mixed the credit files of the Plaintiffs, which resulted in the publication of inaccurate information in each of their credit reports including judgments, credit cards, student loans, and a mortgage loan. Accordingly, Plaintiffs allege claim against Experian under the FCRA, 15 U.S.C. § 1681e(b) for its failure to reasonably ensure the maximum possible accuracy of their credit reports.

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

5. Venue is proper in this District and Division because a substantial part of the events and omissions giving rise to the claim occurred in this District and Division

## PARTIES

6. Plaintiff Shakeena King is a natural person, resident of the Richmond Division and is a "consumer" as defined by 15 U.S.C. §1681a(c). Shakeena King is the sister of her co-plaintiff, Kywanna King.

7. Plaintiff Kywanna King is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).

8. Defendant Experian Information Solutions, Inc. ("Experian") is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Experian is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f).

9. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

## FACTS

10. For a majority of their adult lives, Plaintiffs have been stymied by the mixing of their credit files despite the fact that they have different names (Shakeena v. Kywanna), date of births (July 7, 1979 v. March 13, 1975), social security numbers and addresses in different states.

11. For example, Shakeena King recently obtained her credit report from Experian in July 2015, which showed 29 accounts in her credit file that did not belong to her, as well as 2 judgments.

12. Experian's reporting of these accounts was accurate—most of these accounts belonged to Kywanna King.

13. Upon information and belief, these are just some of the many accounts that were incorrectly mixed in Shakeena King's credit reports within the past five years and which were published by the Defendant on multiple occasions, including when Experian published Shakeena King's credit reports to Progressive Financial on May 26, 2015; to TD Bank on January 6, 2015; to Capital One on November 22, 2014; to Chase Bank on July 11, 2014; to Comenity Bank on December 18, 2013.

14. Experian included this information in Shakeena King's credit report due to its lax threshold designed to over-include information in consumer reports.

15. These derogatory and mismatched sets of credit information severely reduced the Shakeena Kings's credit scores.

16. Upon information and belief, Experian also included information attributed to Shakeena King in the consumer reports of Kywanna King, including accounts and inquiries associated with Shakeena King.

### Experian's Double Standard and Willful Misconduct

17. Experian has substantial notice and knowledge of the "mixed file" problems and failures of its business procedures and systems.

18. As early as 1991, the Federal Trade Commission ("FTC") brought an enforcement action against Experian [formerly TRW, Inc.] in the United States District Court for the Northern

District of Texas. *FTC v. TRW, Inc.*, 784 F. Supp. 361 (N.D. Texas 1991). In settling the enforcement action brought by the AGs, Experian agreed to make the following practice changes:

> 1. ***Maintain reasonable procedures to prevent the occurrence or reoccurrence of Mixed Files***,[1] including but not limited to:
>
> a. Continuing its current efforts to improve its information gathering, storing, and generating systems ***to reduce the occurrence of Mixed Files***, through modification of its software system to enable such system to accommodate and use, for matching and identification purposes, a Consumer's Full Identifying Information;[2] and
>
> b. Not later than July 31, 1992, implementing and utilizing changes to its system designed to prevent, to the extent it reasonably can, the reoccurrence of Mixed Files, once known;
>
> ...
>
> iv. Employing reasonable procedures designed specifically ***to reinvestigate disputes from Consumers that result from Mixed Files***.
>
> ...
>
> For the five (5) year period following the entry of [the Consent Order], [Experian] shall measure, monitor, and test the extent to which changes in [Experian's] computer system, including its algorithms, reduce the incidence of Mixed Files.

*FTC*, 784 F. Supp., 362-364 (N.D. Texas 1991).

19. Similarly, another enforcement action was brought against Experian by nineteen state attorneys general that resulted in a similar consent order as described in the previous paragraphs, including the procedures related to the prevention of mixed files and procedures to

---

[1] Mixed File is defined in the Consent Order as a Consumer Report in which some or all of the information pertains to Persons other than the Person who is the subject of that Consumer Report. *Id.* at 362.

[2] Full Identifying Information is defined in the Consent Order as full last and first name; middle initial; full street address; zip code; year of birth; any generational designation; and social security number. *Id.*

reinvestigate disputes resulting from mixed files. *See TRW, Inc. v. Morales*, Civil Action No. 3-91-1340-H (N.D. Tex. 1991).

20. Despite the consent orders with the FTC and the Attorneys General, Experian's computer system causes these mixes because it does not require or use full identifying information for a potential credit grantor's inquiry even when unique identifiers such as a full social security number are present. It does this in order to sell more credit reports.

21. Experian knows that their computer system causes one individual's credit report to be confused with another individual's credit report causing a "mixed file".

22. Experian has been sued repeatedly for failing to prevent mixed consumer files. *See, e.g., Calderon v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 89375, *10 (D. Idaho 2012); *Howley v. Experian Information Solutions, Inc.*, Civil Action No. 09-241 (D.N.J. filed January 16, 2009); *Ainsworth v. Experian Info. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 63174 (C.D. Cal. 2011); *Novak v. Experian Info. Solutions, Inc.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011); *Comeaux v. Experian Info. Solutions*, 2004 U.S. Dist. LEXIS 10705, *20 (E.D. Tex. 2004); *Cartwright v. Experian*, et al., Case No. CV 09-427 (C.D. Cal. 2009); *Campbell v. Experian Info. Solutions, Inc.*, 2009 U.S. Dist. LEXIS 106045 (W.D. Mo. Nov. 13, 2009); *Jensen v. Experian Info. Solutions, Inc.*, 2001 U.S. Dist. LEXIS 15134 (E.D. Tex. Mar. 30, 2001).

23. Experian knowingly chooses to ignore these notices of its mixed file problems. It does so even though it already possesses a simple, easy and inexpensive means to correct and avoid the problem.

24. Despite these lawsuits, Experian has not significantly modified its procedures to assure that the credit reports that it prepares, publishes, and maintains are as accurate as possible, as required by the FCRA at 15 U.S.C. § 1681e(b).

25. Upon information and belief, Experian has not, and does not intend, to modify its procedures to comply with this section of the FCRA because compliance would drastically increase its operating expenses.

26. Accordingly, Experian's violation of 15 U.S.C. § 1681e(b) was willful and Experian is liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

27. Experian's failure to modify its procedures caused substantial harm to the Plaintiffs.

## COUNT ONE: VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Violation of 15 U.S.C. § 1681e(b))

28. Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

29. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiffs.

30. As a result of this alleged conduct, action, and inaction, the Plaintiffs suffered actual damages, including but not limited to damage to their credit rating, lost opportunities to enter into consumer credit transactions, denial of credit and aggravation, inconvenience, embarrassment, frustration and invasions of their privacy.

31. Experian's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

32. The Plaintiffs are entitled to recover actual damages, statutory damages, costs, and their attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiffs demand judgment for compensatory, statutory, and punitive damages against the Defendant; for their attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED.**

                                      Respectfully submitted,
                                      **SHAKEENA KING & KYWANNA KING**

                                      By: _____
                                              Counsel

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
(703) 424-7570 – Telephone
(703) 591-0167 – Facsimile
E-mail: kkelly@kellyandcrandall.com
E-mail: aguzzo@kellyandcrandall.com
*Counsel for Plaintiffs*